IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02140 |
| ) | |
| REED & ASSOCIATES OF TN, LLC, ) | |
| JUSTIN MCKEE, and JACQUELYN ) | |
| MCKEE, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff, Acuity, A Mutual Insurance Company (hereinafter referred to as "Acuity"), through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Honorable Court for Summary Judgment in its favor. As grounds for said motion, Acuity would demonstrate as follows:

1. Defendants, Justin McKee and Jacquelyn McKee ("the McKees") filed suit against Reed in the Shelby County Circuit Court under Docket No. CT-000542-15. The Complaint is based upon allegations that toxic mold was allowed to grow at the property, and that, upon notification of the problems, the plaintiffs were evicted. It is alleged that this action was "both intentional and malicious." The first cause of action alleged is entitled "retaliatory conduct" and the second is based upon violations of the Uniform Residential Landlord and Tenant Act asserting that the conduct of Reed was both "intentional and malicious," and "driven by a profit motive."

2. Acuity issued Policy No. X10355 to Reed, providing coverage in accordance with policy terms and conditions, for the policy period of February 2, 2014 – February 2,

2015. Upon being served with the McKee Complaint, Reed tendered the defense to Acuity. Acuity accepted the defense under a Reservation of Rights and appointed defense counsel under reservation of rights, and is currently paying defense counsel to defend the allegations of the McKee Complaint on behalf of Reed.

3. The insuring agreement of Section 1.A. of the Commercial General Liability Coverage form of the policy provided as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may, at our discretion, investigate any *occurrence* and settle any claim or *suit* that may result. But:
>>
>>> **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>>>
>>> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>>
>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
>
>> **b.** This insurance applies to *bodily injury* and *property damage* only if:

    **(1)**    The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the "coverage territory";

    **(2)**    The *bodily injury* or *property damage* occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no *employee* authorized by you to give or receive notice of an *occurrence* or claim, knew that the *bodily injury* or *property damage* had occurred, in whole or in part. If such a listed insured or authorized *employee* knew, prior to the policy period, that the *bodily injury* or *property damage* occurred, then any continuation, change or resumption of such *bodily injury* or *property damage* during or after the policy period will be deemed to have been known prior to the policy period.

**c.**    *Bodily injury* or *property damage* which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any *employee* authorized by you to give or receive notice of an *occurrence* or claim, includes any continuation, change or resumption of that *bodily injury* or *property damage* after the end of the policy period.

**d.**    *Bodily injury* or *property damage* will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any *employee* authorized by you to give or receive notice of an *occurrence* or claim:

    **(1)**    Reports all, or any part, of the *bodily injury* or *property damage* to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the *bodily injury* or *property damage*; or

    **(3)**    Becomes aware by any other means that *bodily injury* or *property damage* has occurred

            or has begun to occur.

    **e.**    Damages because of *bodily injury* include damages claimed by any person or organization for care, loss of services or death resulting at any time from the *bodily injury*.

According to this insuring agreement, in order for this coverage to apply, there must be covered "property damage" or "bodily injury" caused by an "occurrence."

    4.    The allegations of the McKee Complaint are not covered under this insuring agreement because the McKee Complaint does not allege covered "property damage" or "bodily injury" caused by an "occurrence."

    5.    The Commercial General Liability Coverage was subject to the following exclusions:

> **FUNGI OR BACTERIA EXCLUSION (Endorsement CG-2167F(12-04))**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> **1.**    The following exclusion is added to Paragraph 2, Exclusions of Section I - **Coverage A – Bodily Injury and Property Damage Liability:**
>
> **Fungi or Bacteria**
>
>     **a.**    *Bodily injury* or *property damage* which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any *fungi* or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
>     **b.**    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing,

> remediating or disposing of, or in any way responding to, or assessing the effects of, *fungi* or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any *fungi* or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

********

3. The following definition is added to the Definitions Section:

   *"Fungi"* means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

********

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected or Intended Injury**

      *Bodily injury* or *property damage* expected or intended from the standpoint of the insured. This exclusion does not apply to *bodily injury* resulting from the use of reasonable force to protect persons or property.

*****

   o. **Personal and Advertising Injury**

      *Bodily injury* arising out of *personal and advertising injury.*

The allegations and claims of the McKee Complaint are excluded by operation of one or more of the above-referenced exclusions.

6. The policy also provided Coverage B, which applies to "personal and advertising injury" as follows:

   **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

   1. **Insuring Agreement**

AU Reed & Assoc MSJ 150515
0336 30274

5

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of *personal and advertising injury* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *personal and advertising injury* to which this insurance does not apply. We may at our discretion investigate any offense and settle any claim or *suit* that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

    **b.**    This insurance applies to *personal and advertising injury* caused by an offense arising out of your business, but only if the offense was committed in the *coverage territory* during the policy period.

7.    "Personal and advertising injury" is defined as follows:

**14.**    *"Personal and advertising injury"* means injury, including consequential *bodily injury,* arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;
    **b.**    Malicious prosecution;
    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    **d.**    Oral or written publication, in any manner, of material

      that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your *advertisement;* or

**g.** Infringing upon another's copyright, trade dress or slogan in your *advertisement.*

8. The allegations of the McKee Complaint do not constitute "personal and advertising injury" as required for coverage to apply under Coverage B – Personal and Advertising Injury.

9. In addition and/or in the alternative, one or more of the following exclusions applies to Coverage B – Personal and Advertising Injury and bar coverage for the claims and allegations of the McKee Complaint:

**2.** **Exclusions**

This insurance does not apply to:

**a.** **Knowing Violation of Rights of Another**

*Personal and advertising injury* caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict *personal and advertising injury.*

\*\*\*\*\*

**m.** **Pollution**

*Personal and advertising injury* arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of *pollutants* at any time.

\*\*\*\*\*\*

**FUNGI OR BACTERIA EXCLUSION (Endorsement CG-2167F(12-04))**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\*\*\*\*\*

**2.** The following exclusion is added to Paragraph 2, Exclusions of Section I - Coverage B – Personal and Advertising Injury Liability:

**Fungi or Bacteria**

    **a.** *Personal and advertising injury* which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any *fungi* or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

    **b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, *fungi* or bacteria, by any insured or by any other person or entity.

10. The Commercial Excess Liability Coverage Form provides no coverage because no coverage exists under underlying insurance, determined to be the Commercial General Liability coverage referenced above, based upon the following insuring agreement:

    **1.** **Insuring Agreement**

        **a.** We will pay those sums, in excess of the amount payable under the terms of any *underlying insurance,* that the insured becomes legally obligated to pay as damages because of *injury* or damage to which this insurance applies, provided that the *underlying insurance* also applies, or would apply but for the exhaustion of its applicable Limits of Insurance.

11. Even if the insuring agreement of the Commercial Excess Liability

Coverage applied, the Commercial Excess Liability Coverage also contains the following exclusions which exclude coverage for the claims and allegations of the McKee complaint:

> **2. Exclusions**
>
> > The exclusions that apply to the *underlying insurance* apply to this insurance.
>
> **FUNGI OR BACTERIA EXCLUSION**
>
> The endorsement modifies insurance provided under the following:
>
> COMMERCIAL EXCESS LIABILITY COVERAGE FORM
>
> **1.** The following exclusion is added to Paragraph 2, Exclusions of Section I - Coverages:
>
> > **a.** *Injury* or damage which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any *fungi* or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
> >
> > **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, *fungi* or bacteria, by any insured or by any other person or entity.
>
> This exclusion does not apply to any *fungi* or bacteria that are, are on, or are contained in, a good or product intended for consumption.

> 12. The allegations of the McKee complaint consist of intentional acts, which are not covered under the insuring agreements and/or are excluded by the policy, or result from alleged toxic mold, specifically excluded by the policy. Thus, none of the allegations

AU Reed & Assoc MSJ 150515
0336 30274

9

of the McKee Complaint are covered by the Acuity policy.

Accordingly, there is no coverage under the Acuity policy for any claim, injury, or damage resulting from the allegations of the McKee Complaint, and Acuity has no obligation to continue to provide a defense to or indemnify Reed with respect to the McKee Complaint, and may withdraw its defense of Reed in the McKee Complaint. Therefore, Acuity is entitled to summary judgment as a matter of law.  In support of its motion, Acuity relies upon its Memorandum of Law, Statement of Undisputed Facts, and affidavit contemporaneously filed.

Respectfully submitted,

_s/ E. Jason Ferrell_
**PARKS T. CHASTAIN**
Registration No. 13744
**E. JASON FERRELL**
Registration No. 24425
Attorneys for Plaintiff, Acuity, A Mutual Insurance Company

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN   37202-3890
(615) 256-8787, Ext. 114
DIRECT:  (615) 630-7717
pchastain@bkblaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of June, 2015, a true and correct copy of the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Nicholas J. Owens, Jr., Esquire
Attorney at Law
214 Adams Avenue
Memphis, TN 38103

Bill M. Wade, Esquire
The Cochran Firm
One Commerce Square, Suite 170
40 S Main
Memphis, TN 38103-2514

                                                           _s/ E. Jason Ferrell_
                                                           **E. JASON FERRELL**

EJF:dmt